**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

LEROY FONDREN JR.,

      Defendant-Appellant.

No. 07-3097
(D.C. No. 06-CR-20123-KHV)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **EBEL**, and **HARTZ**, Circuit Judges.

---

Defendant Leroy Fondren Jr. pleaded guilty to one count of possessing with

intent to distribute 50 grams or more of "crack" cocaine in violation of 21 U.S.C.

§§ 841(a)(1) and 841(b)(1)(A)(iii), and one count of possessing a firearm in

furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c).

Pursuant to the plea agreement, Mr. Fondren waived "any right to appeal a

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

sentence imposed which is within the guideline range determined appropriate by the court. . . . In other words, the defendant waive[d] the right to appeal the sentence imposed in this case except to the extent, if any, the court depart[ed] upwards from the applicable sentencing guideline range determined by the court." Mot. to Enforce, Ex. 1 (Plea Agreement) at 7-8. Further, he waived "any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence." *Id.* at 7. Both the 120-month sentence on the drug charge and the five-year sentence on the firearm charge were the statutory mandatory minimum sentence; both sentences were, therefore, within the guideline range.

Mr. Fondren filed a notice of appeal challenging his sentence, and the government has filed a motion to enforce the appeal waiver in the plea agreement, seeking dismissal of the appeal. In response, Mr. Fondren's attorney filed an *Anders* brief stating her belief that there are no meritorious grounds upon which Mr. Fondren can appeal his sentence or urge denial of the government's motion to enforce the appeal waiver, and she requested permission to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967) (authorizing counsel to request permission to withdraw where counsel conscientiously examines a case and determines that an appeal would be wholly frivolous). This court gave Mr. Fondren an opportunity to file a pro se response to the motion to enforce, *see id.*, but to date, he has not responded.

Under *Anders*, we have conducted an independent review and examination of the motion to enforce. *See id*. This court will enforce a criminal defendant's waiver of his right to appeal so long as the following three conditions are met: (1) "the disputed appeal falls within the scope of the waiver of appellate rights," (2) the defendant's waiver of his appellate rights was knowing and voluntary, and (3) enforcing the waiver will not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). We have reviewed the plea agreement, the transcripts of the plea and sentencing hearings, and the response from Mr. Fondren's counsel, and we conclude that the *Hahn* factors have been satisfied.

Accordingly, we GRANT the government's motion to enforce the appeal waiver in the plea agreement, GRANT counsel's motion to withdraw, DENY the motion to appoint counsel, and DISMISS the appeal. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM